Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE ORTIZ,<br><br>   Plaintiff,<br><br>v.<br><br><br>SYNCHRONY BANK; CAPITAL ONE, N.A.; and EXPERIAN INFORMATION SOLUTIONS, INC,<br><br>   Defendants. | Case No.: 4:25-cv-2710<br><br>**Complaint for Damages:**<br> 1. **Violation of Fair Credit Reporting Act**<br> 2. **Violation of California Rosenthal Fair Debt Collection Practices Act**<br> 3. **Violation of California Consumer Credit Reporting Agencies Act** |

Plaintiff, Michelle Ortiz, by and through undersigned counsel, upon information and belief, hereby complains as follows:

### I.  INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA") whereby Plaintiff discovered inaccurate and misleading information reporting on their consumer credit reports, disputed that inaccurate and misleading information, and Defendants willfully or negligently refused to correct the inaccurate and misleading information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Alameda, California.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and by Cal. Civ. Code § 1785.3(b).

4. Defendants, Synchrony Bank ("Synchrony") and Capital One, N.A. ("Capital One") are and at all times relevant hereto were lending institutions regularly doing business in the State of California.

5. At all times pertinent hereto, Defendants Synchrony and Capital One are a "person" as that term is defined in 15 U.S.C. §1681a(b) and Cal. Civ. Code § 1788.2(g), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

6. Defendants Synchrony and Capital One were at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

7. Defendants Synchrony and Capital One are a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal Civ. Code § 1788.2(c).

8. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in California.

9. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

10. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.  JURISDICTION AND VENUE

13. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Alameda County, California and Defendants do business in California.

15. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

### IV.  FACTUAL ALLEGATIONS

16. Plaintiff is a consumer who is the victim of inaccurate and misleading reporting by Defendants Synchrony, Capital One, and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

17. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

18. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

19. Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

20. Plaintiff discovered a Synchrony account last four -0371, and a Capital One account last four -4365 or reporting as last four -9126 (the "Accounts") reporting on their Experian credit report in error.

21. The Accounts reports an incorrect late balance due and owing with a derogatory collection charge-off status in error.

22. Synchrony and Capital One issued the Plaintiff IRS Forms 1099-C, stating

it discharged a portion of the debts of the Accounts.

23. The form 1099-C canceled a portion of the principal balances owed on the Accounts.

24. The Identifiable Event Code on the 1099-Cs is marked "G."

25. Code G is used to identify cancellation of debt as a result of a decision or a defined policy of the creditor to discontinue collection activity and cancel the debt.

26. Upon information and belief, Synchrony and Capital One submitted the forms 1099-C to the Internal Revenue Service ("IRS"), reporting the debt cancelled as income attributable to Plaintiff.

27. Prior to issuing 1099-Cs, and thereby cancelling the debt, Synchrony and Capital One actively attempted to collect the debts using telephone calls, letters, and collection notices.

28. After cancelling the debts, Synchrony and Capital One discontinued efforts to collect the debt and no longer uses the telephone calls, letters, and collection notices that it employed prior to cancelling the debts.

29. Prior to cancelling the debts, Synchrony and Capital One provided periodic statements and letters containing information about the Accounts.

30. After cancelling the debts, Synchrony and Capital One discontinued its practice of providing periodic statements and letters containing information about the Accounts.

31. Based on the issuance of the 1099-Cs, and on Synchrony and Capital One's activity or inactivity related to collecting the debt, it is clear that Synchrony and Capital One cancelled the debts associated with the Accounts.

32. In spite of cancelling the debts, Synchrony and Capital One continued, erroneously, to report a balance due on the Accounts to the credit reporting agencies who then reported a balance due on Plaintiff's consumer reports.

33. The false information regarding the Accounts appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's

credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

34. On or about January 31, 2025, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate and misleading information regarding the Accounts reporting on Plaintiff's Experian consumer report.

35. Upon information and belief, Experian forwarded Plaintiff's Experian Dispute to Defendants Synchrony and Capital One.

36. Upon information and belief, Synchrony and Capital One received notification of Plaintiff's Experian Dispute from Experian.

37. Upon information and belief, Synchrony and Capital One verified the erroneous information associated with the Accounts to Experian.

38. Synchrony and Capital One failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying accounts information with respect to the disputed information and the accuracy of the Accounts.

39. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying accounts information with respect to the disputed information and the accuracy of the Accounts.

40. Upon information and belief, Synchrony and Capital One failed to instruct Experian to remove the false and misleading information regarding the Accounts reporting on Plaintiff's consumer reports.

41. Experian employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Accounts identified in Plaintiff's Experian Dispute.

42. At no point after receiving the Experian Dispute did Synchrony and Capital One or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Experian Dispute.

43. Experian relied on their own judgment and the information provided to them by Synchrony and Capital One rather than grant credence to the information provided

by Plaintiff.

44. The Plaintiff was denied credit due to the erroneous information associated with the Accounts.

45. The Plaintiff refrained from needed credit applications due to the erroneous information associated with the Accounts.

46. The Plaintiff has lost time and money working to resolve the adverse information associated with the Accounts to prevent harm, including charges for phone usage and postage.

## COUNT I – EXPERIAN
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

47. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully set forth herein.

48. After receiving the Experian Dispute, Experian failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's Experian consumer report.

49. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

50. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

53. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

54. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully set forth herein.

55. After receiving the Experian Dispute, Experian failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's Experian consumer report.

56. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate and misleading information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

57. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

58. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

59. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

60. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – SYNCHRONY AND CAPITAL ONE**

**Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)**

61. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully set forth herein.

62. After receiving the Experian Dispute, Synchrony and Capital One failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's consumer report.

63. Defendants violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendants Synchrony and Capital One's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false and misleading information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendants Synchrony and Capital One's representations to consumer credit reporting agencies, among other unlawful conduct.

64. As a result of this conduct, action, and inaction of Defendants Synchrony and Capital One, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

65. Defendants Synchrony and Capital One's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

66. In the alternative, Defendants Synchrony and Capital One was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

67. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Synchrony and Capital One pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT IV – Synchrony and Capital One

### Rosenthal Fair Debt Collection Practices Act – Cal Civ. Code § 1788.17

68. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully set forth herein.

69. Synchrony and Capital One violated the RFDCPA at Cal. Civ. Code § 1788.17 as a debt collector collecting or attempting to collect a consumer debt and failing to comply with the provisions of Sections § 1692e(2)(a) and § 1692e(8), inclusive, of, and shall be subject to the remedies in Section § 1692k of, Title 15 of the United States Code.

### COUNT V – Synchrony and Capital One

### California Consumer Credit Reporting Agencies Act – Cal Civ. Code § 1785.25(A)

70. Plaintiff re-alleges and reaffirms the above paragraphs 1-46 as though fully set forth herein.

71. After receiving the Experian Dispute, Synchrony and Capital One failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's consumer report.

72. Defendants violated Cal. Civ. Code § 1785.25(a) by furnishing incomplete, inaccurate and/or misleading information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

73. As a result of this conduct, action, and inaction of Defendants Synchrony and Capital One, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

74. The conduct, actions and inactions by Synchrony and Capital One were

willful, rendering Synchrony and Capital One liable for punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative Synchrony and Capital One was negligent entitling the Plaintiff to recover under Cal. Civ. Code § 1731(a)(1).

75. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Synchrony and Capital One in an amount to be determined by the Court pursuant to Cal. Civ. Code §1731(a)(1).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Synchrony and Capital One for noncompliance of the Rosenthal Fair Debt Collection Practices Act and seeks remedies as defined by Cal. Civ. Code § 1788.30 and demands:

A. Adjudging that Synchrony and Capital One violated Cal. Civ. Code § 1788.17;

B. Statutory damages, pursuant to Cal. Civ. Code § 1788.30b, in the amount of $1,000.00;

C. Actual damages to be proven at trial, pursuant to Cal. Civ. Code § 1788.30a;

D. The costs of instituting this action together with reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30c;

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Synchrony and Capital One for noncompliance of the California Consumer Credit Reporting Agencies Act and seeks remedies as defined by Cal. Civ. Code 1785.25(A)and demands:

A. Adjudging that Synchrony and Capital One violated Cal. Civ. Code 1785.25(A);

B. Punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative negligent damages under Cal. Civ. Code § 1731(a)(1);

C. Actual damages to be proven at trial, pursuant to Cal. Civ. Code §1731(a)(1);

D. The costs of instituting this action together with reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code §1731(a)(1);

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted March 21, 2025.

*/s/Garrett Charity*
Garrett Charity, Esq.
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Garrett.Charity@mccarthylawyer.com
Attorney for Plaintiff